IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GEORGE FREY, JR, | : | NO. 2:06-cv-4490 |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| PAUL J. STOWITZKY, | : | |
| SUPERINTENDENT, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF NORTHAMPTON, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                        **April 24, 2007**

   This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at State Correctional Institution at Mercer, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

   Petitioner, Robert G. Frey, Jr.'s conviction stems from an arrest for incidents of child molestation occurring between June 1992 and June 1998. He was charged with 69 counts of deviate sexual intercourse, 34 counts of sexual assault, 69 counts of indecent assault, and 69 counts of corruption of minors. On September 19, 1999, Frey entered a negotiated plea to 5 counts of involuntary deviate sexual intercourse. The Honorable Jack Anthony Panella of the Court of

Common Pleas of Northampton County, sentenced him to five consecutive terms of imprisonment of five years less one day to 25 years on December 3, 1999. Frey filed a motion for reconsideration of sentence, which was denied. He then filed a timely notice of appeal, which the Superior Court dismissed on July 18, 2000 for failure to file a brief.

On January 29, 2003, Frey filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq.*, asserting ineffective assistance of counsel for his attorney's failure to file a brief with the Superior Court. The PCRA court dismissed the petition on March 26, 2003, as untimely. In response, Frey filed a Petition for "Reconsideration of Unfair Dismissal of my PCRA and Other Filings". Counsel was appointed and a hearing was held before the Honorable Emil A. Giordano on May 14, 2004. The Court denied Frey's petition on January 30, 2005.

Frey then filed an appeal of the PCRA Court's order with the Pennsylvania Superior Court. The Superior Court affirmed the dismissal of the PCRA petition on September 26, 2005.

On October 5, 2006[1], Frey filed the instant petition for writ of habeas corpus alleging violations of Constitutional Amendments 1, 5, 6, 8 and 14 "with numerous other substantive and procedural due process and equal protection violations as identified in my pleadings". Within the five pages attached to the petition, Frey alleges that he was coerced to plead guilty by his plea counsel and asserts several allegations of ineffective assistance of PCRA counsel. He also states that he is "mentally incompetent".

---

[1] An inmate is entitled to the "mailbox rule," which states that a petition is deemed filed when it is delivered to the prison mail room. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Although, this petition was not filed until October 10, 2006, we will give petitioner the benefit of doubt and use the date on the signature line of the petition.

**DISCUSSION:**

Respondent's primary argument is that the petition should be dismissed because petitioner has not exhausted his state court remedies. Respondent further asserts that petitioner has failed to establish that he is entitled to habeas relief.

Upon review of the petition, we agree that given that Frey has not exhausted his claims and can no longer do so, his claims suffer from procedural default and thereby cannot provide the basis for federal review or habeas relief. The procedural default barrier, in the context of habeas corpus, precludes federal courts from reviewing a state petitioner's habeas claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). "In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. . . [b]ecause this Court has no power to review a state law determination that is sufficient to support the judgment." Id. Although the issue of procedural default is best addressed by the state courts in the first instance, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995).

One form of procedural default may occur "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . ." Coleman, 501 U.S. at 735 n.1; McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). Before the federal court may grant a state court petitioner habeas relief, the petitioner must exhaust his state court remedies. Lambert v. Blackwell, 387 F.3d 210, 231 (3d Cir. 2004). The exhaustion requirement is satisfied

3

when a petition fairly presents a claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). If the petitioner has failed to present his federal claims to the state court and is now barred from doing so, the claims are procedurally defaulted. See Teague v. Lane, 489 U.S. 288, 308 (1988)(plurality opinion); Wainwright v. Sykes, 433 U.S. 72 (1976). Similarly, if the petitioner presented a claim, but the state court refused to address the merits of the claim for some procedural reason, the claim is procedurally defaulted. Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

In the case at bar, Frey failed to properly present any of his claims to the state court. His direct appeal was dismissed for failure to file a brief and his PCRA petition was dismissed as untimely. Furthermore, any current attempt to return to the state courts would certainly be deemed untimely. The PCRA statute states that, "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . ." 42 Pa.C.S.A. § 9545(b) (1998). The Pennsylvania Supreme Court has conclusively established that the one-year statute of limitations acts as a jurisdictional bar and is not subject to equitable tolling. Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa. 1999). Because petitioner cannot now return to the Pennsylvania courts, these unexhausted claims are procedurally defaulted for purposes of habeas review.

To survive procedural default in the federal courts, the petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To establish the fundamental miscarriage of justice exception, petitioner must demonstrate his "actual innocence." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 865

(1995); Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1503 (1998). On the other hand, a showing of cause demands that a petitioner establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753. Once cause is proven, petitioner must also show that prejudice resulted from trial errors that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648-49.

Frey has not satisfied either exception. He has not even alleged, let alone proven, actual innocence. Furthermore, he has not demonstrated cause and prejudice. Even if alleged, an allegation of ineffective assistance of Frey's appellate counsel for failure to file a brief could not serve as "cause" sufficient to excuse the default. A claim of ineffective assistance of counsel can only serve as "cause" to excuse procedural default if the claim is presented as an independent claim in state court and is itself exhausted, which petitioner failed to do in this case. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587 (2000); Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639 (1986). Likewise, Frey's allegation of mental incompetence is not sufficient to excuse his procedural default. Along with the Sixth, Seventh, Eighth and Ninth Circuits, the Third Circuit has held that mental infirmity is not external to the defense and is therefore not sufficient to establish "cause". Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993); Johnson v. Wislon, 187 Fed. Appx. 455 (6th Cir. 2006); Harris v. McAdory, 334 F.3d 665 (7th Cir. 2003); Cornman v. Armontrout, 959 F.2d 727 (8th Cir. 1992); Tacho v. Martinez, 862 F.2d 1376 (9th Cir. 1988); See also Graham v. Kyler, 2004 WL 875507 (E.D. Pa.) (Giles, J.) (finding that although petitioner's mental status was sufficient to

warrant equitable tolling, it did not constitute "cause" for procedural default)[2].  We therefore, have no alternative but to dismiss the petition in its entirety.

Therefore, I make the following:

### **RECOMMENDATION**

AND NOW, this 24th day of April, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the issue of timeliness was not raised by Respondent and we do not dismiss on that basis, the petition is also clearly untimely.  We acknowledge that equitable tolling may be available in cases of mental incompetence where it is demonstrated that the petitioner is unable to pursue his legal rights, "provided there is a nexus between the petitioner's mental incompetence and [his] inability to file a timely petition."  United States v. Harris, 268 F. Supp.2d 500, 506 (E.D. Pa. 2003) (Dalzell, J.).  However, as Frey's claims are also procedurally defaulted, there is no need to appoint counsel and hold an evidentiary hearing to determine if petitioner can make that requisite showing.  Since Frey's allegations of mental infirmity, even if proven, are not sufficient to establish the requisite "cause" to excuse the default, we must dismiss the petition.  See Hull v. Freeman, 991 F.2d at 91; Graham v. Kyler, 2004 WL 875507.